**Proskauer**»   Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

*Application granted without prejudice to any application to unseal. So ordered.*
*/s/ John G. Koeltl*
*U.S.D.J.*
*2/14/24*

February 13, 2024

By ECF

Honorable John G. Koeltl, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, New York 10007

Elise M. Bloom
Partner
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

Re: *Ricky Hill v. Major League Soccer, LLC*, Civil Action No. 23-cv-02911 (JGK)(VF)

Dear Judge Koeltl:

We represent Defendant Major League Soccer, L.L.C. (incorrectly sued as "Major League Soccer, LLC") ("Defendant" or "MLS") in the above-referenced matter. In accordance with this Court's Individual Practice 6.A.2., we write to request the sealing of three excerpts of the MLS Constitution (as of January 1, 2017) as well as the Constitution's table of contents, attached as Exhibit A to the Declaration of Elise Bloom ("Exhibit A"), which Defendant is filing today in support of Defendant's Motion to Dismiss the Amended Complaint.

Defendant seeks to maintain under seal the table of contents and these excerpts of the MLS Constitution as they implicate confidential business information pertaining to Defendant and third parties that is the proper subject of a sealing request. The Constitution is not made publicly available by MLS and, had Plaintiff not incorporated the Constitution by reference in his Amended Complaint, it would have been produced pursuant to a protective order during discovery. We have met and conferred with counsel for Plaintiff Ricky Hill ("Plaintiff"). Plaintiff's counsel does not consent to our request to seal.

In determining whether certain materials should be allowed to be filed under seal, courts recognize "[c]ountervailing considerations" to the presumption of judicial access, including "'the privacy interests of those resisting disclosure.'" *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). A business's confidential and proprietary business information can overcome the presumption of judicial access. *See Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting motion to seal documents containing, among other things, emails revealing confidential business decisions). The internal policies and procedures of a business have been viewed as a proper subject for sealing. *See, e.g., Grayson v. Gen. Elec. Co.*, No. 3:13CV1799 (WWE), 2017 WL 923907, at *3 (D. Conn. Mar. 7, 2017) ("The Court will grant the motion to seal…documents…which reveal defendant's internal investigations, communications, and policies and procedures of…[its] Microwave Safety Council").

**Proskauer**

Honorable John G. Koeltl, U.S.D.J.
February 13, 2024
Page 2

Here, Defendant seeks to maintain under seal three excerpts of the MLS Constitution and the table of contents as they contain internal policies of MLS and the Team Operators (who are not parties to the instant lawsuit) and their confidential and proprietary business information that is not within the public domain related to their respective employees and hiring. The material that Defendant seeks to maintain under seal would reveal both MLS's and the Team Operators' confidential and proprietary business information, and therefore outweighs the presumption of judicial access.

Finally, Defendant's request is narrowly tailored and will not impede the public's access to information relevant to this litigation. The bases for Defendant's Motion to Dismiss are set forth in its memorandum of law and sealing the table of contents and these excerpts of the MLS Constitution will not deprive the public access to the grounds on which Defendant seeks to dismiss Plaintiff's Amended Complaint.

Accordingly, Defendant respectfully requests that the Court grant Defendant's motion for the material described herein to remain under seal.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

Attachments

cc:     All Counsel of Record (by ECF)